UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY BROWN, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILD, T.B. | * * * * * |
| VERSUS | * Case No. _____ *|
| JEFFERSON PARISH SCHOOL BOARD, DR. JAMES GRAY, DR. CHRISTINE TEMPLET, AND TERRI JOIA | * * * * * |

* * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

**NOW COMES** the Jefferson Parish School Board ("School Board"), Dr. James Gray ("Superintendent Gray"), Dr. Christine Templet ("Principal Templet"), and Terri Joia ("Hearing Officer Joia"), through undersigned counsel, who file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1367, and 1441 and hereby give notice of removal of this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. As grounds for removal, Defendants state as follows:

1.

On December 14, 2020, a "Petition for Judicial Review, Petition for Damages, Mandatory Injunction and Request for Jury Trial" ("Petition") was filed by Plaintiffs, Timothy Brown, individually and on behalf of his minor child, T.B. ("Plaintiffs"), in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, styled *"Timothy Brown, individually and on behalf of his minor child, T.B. versus Jefferson Parish School Board, Dr. James Gray, Dr. Christine Templet, and Terri Joia "* and bearing Docket Number 813-067, Division "C" (the "State Court Action").

2.

On January 5, 2021, Defendants waived service of the Citation and Petition while reserving all rights, notices and remedies they are entitled to.

3.

Copies of the original Petition and all other filings in the record of the State Court Action are attached hereto as Exhibit "A" *in globo.*

4.

This action is properly removed to this Honorable Court pursuant to 28 U.S.C. § 1331 as the controversy clearly involves claims "arising under the Constitution, laws, or treaties of the United States." Plaintiff's original Petition includes claims brought under Federal civil rights statutes, 42 U.S.C. §§ 1983 and 1985, and the First, Second, and Fourteenth Amendments to the United States Constitution. *See* Ex. A, Petition at pp. 21-29, 33, Counts II–IV, IX, "Constitutional Challenges, ¶¶ 1-5. Specifically, Plaintiff pleads that Defendants: **(i)** violated T.B.'s "rights to Procedural Due Process pursuant to the State Constitution and Federal Constitution" (*Id.* at p. 21, Count II); **(ii)** violated T.B.'s "rights to Substantive Due Process," including his "constitutional right to public education" (*Id.* at p. 26, Count III); **(iii)** "conspired to deny . . . [Plaintiff's] State and Federal Substantive Constitutional rights" (*Id.* at p. 29, Count IV); and **(iv)** violated Plaintiff's right to privacy under the State and Federal Constitutions (*Id.* at p. 33, Count IX).

5.

Plaintiff further alleges that he is entitled to judicial review of the School Board's disciplinary ruling to determine whether the decision should be overturned based on the alleged State and Federal Constitutional violations. *Id.*, pp. 20-21, Count I.  To the extent such review is denied based on statutory text of La. Rev. Stat. § 17:416 as it existed at the time of the events

giving rise to this action,[1] Plaintiff asserts that Section 17:416 is unconstitutional on its face and as applied to virtual learning environments because it infringes on State and Federal Constitutional rights to privacy and substantive and procedural due process, as well as the "Right to Keep and Bear Arms pursuant to . . . the Second Amendment" of the U.S. Constitution. *Id.* at pp. 35-36, "Constitutional Challenges."

6.

Pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over all remaining state law claims in the original Petition, which include claims of detrimental reliance, negligence, intentional/negligent infliction of emotional distress, and spoliation, since all such claims are so related to the claims arising under Federal law as to form part of the same case or controversy. *See Scully v. Mabile*, No. 99-2431, 1999 WL 1032615, at *1 (E.D. La. Nov. 9, 1999) (denying motion to remand action alleging claims under Section 1983 and exercising supplemental jurisdiction over state law claims).

7.

Another Section of this Court has already considered a removal by the School Board and individual administrators and employees in a related case involving nearly identical factual circumstances and legal claims. The Court held that the removal was proper under 28 U.S.C. § 1331 and thus denied the plaintiffs' motion to remand to State court. *See Harrison v. Jefferson Parish Sch. Bd.*, No. 20-cv-02916, 2020 WL 7053298 (E.D. La. Nov. 23, 2020) (Brown, C.J.).

---

[1] The Hon. Nannette Jolivette Brown of this Court held that a student who "faced expulsion at a section 17:416(C)(1) hearing but ultimately was merely suspended had no right to appeal under section 17:416(C)(4)." *Robinson v. St. Tammany Parish Sch. Bd.*, 983 F. Supp. 2d 835, 849 (E.D. La. 2013), *aff'd*, 569 F. App'x 303 (5th Cir. 2014) (citing *Bonner v. Lincoln Parish Sch. Bd.*, 38993-CA (La. App. 2 Cir. 12/11/96), 685 So. 2d 432, 435).

8.

This Notice of Removal is being filed within thirty days of Defendants' receipt of the initial pleading, and, therefore is timely pursuant to 28 U.S.C. § 1446(b).

9.

The School Board, Superintendent Gray, Principal Templet, and Hearing Officer Joia are the only defendants named in Plantiffs' Petition. Therefore, all named Defendants have joined in this Notice of Removal.

10.

The State Court Action is pending in the 24th Judicial District Court for the Parish of Jefferson, and as such, the United States District Court for the Eastern District of Louisiana is the appropriate district and division to which this action is removable pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

11.

In accordance with 28 U.S.C. § 1446(d), Defendants have provided notice to Plaintiffs, through delivery of a copy of this Notice of Removal to their counsel of record, and to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, through filing into the record of the State Court Action a copy of this Notice of Removal.

12.

In accordance with 28 U.S.C. § 1447(b) and E.D. La. L.R. 3.2, the Defendants will file into the record of this Court, within fourteen (14) days of removal, a list of all parties remaining in this action, copies of all pleadings filed in state court, and copies of the returns of service filed in state court for those parties.

312342.v1

**WHEREFORE**, Defendants, the Jefferson Parish School Board, Dr. James Gray, Dr. Christine Templet, and Terri Joia pray that further proceedings in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be terminated and that this suit be removed to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:

**BREAZEALE, SACHSE & WILSON, L.L.P.**

By: */s/ Matthew M. McCluer*
E. Fredrick Preis, Jr. (La. Bar No. 10704)
Eve B. Masinter (La. Bar No. 1218), T.A.
Matthew M. McCluer (La. Bar No. 33970)
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, LA 70112-4004
Telephone: (504) 619-1800
Fax: (504) 584-5452
efp@bswllp.com
eve.masinter@bswllp.com
matthew.mccluer@bswllp.com
*Counsel for Defendants, Jefferson Parish School Board, Dr. James Gray, Dr. Christine Templet, and Terri Joia*

312342.v1