**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TIMOTHY BROWN, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILD, T.B.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-40** |
| **JEFFERSON PARISH SCHOOL BOARD, ET AL.** | **SECTION: "G"** |

## ORDER AND REASONS

In this litigation, Plaintiff Timothy Brown ("Plaintiff") brings suit, individually and on behalf of his minor child, T.B. ("T.B."), against the Jefferson Parish School Board, Dr. James Gray, Dr. Christine Templet, and Terri Joia (collectively, "Defendants"), alleging injuries resulting from T.B.'s suspension for displaying a BB gun on camera during remote learning.[1] Before the Court is the State of Louisiana's (the "State") "Motion to Intervene."[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion.

## I. Background

### A.    *Factual Background*

Plaintiff's claims arise out of an incident that occurred on September 9, 2020, while T.B. was engaged in remote learning for Grand Isle School ("Grand Isle"), a school within the Jefferson Parish School System.[3] Due to the COVID-19 pandemic, Plaintiff enrolled T.B. in virtual

---

[1] Rec. Doc. 1-2.

[2] Rec. Doc. 8.

[3] Rec. Doc. 1-2 at 3.

1

learning.[4] On September 9, 2020, T.B., an eleven year old sixth grade student at Grand Isle, was receiving virtual instruction at home in his bedroom from his teacher, Mr. Bran Wagner ("Mr. Wagner").[5] Plaintiff claims that during a break in instruction, T.B. moved a BB gun "from one corner of his bedroom to the other."[6] Plaintiff alleges that Mr. Wagner never saw the BB gun and that T.B. never pointed the BB gun at the camera or intended to disrupt the classroom.[7] Plaintiff claims that Mr. Wagner was only made aware of the incident when he heard other students "giggling" and when T.B. "said he was sorry."[8]

Plaintiff alleges that Mr. Wagner reported the incident to Grand Isle's principal, Dr. Christine Templet ("Templet").[9] Plaintiff claims that thereafter, on the evening of September 9, 2020, he received a phone call from Templet, in which Plaintiff was told to appear in Templet's office for a meeting at 7:00 AM the following morning.[10] Plaintiff alleges that he was given no information regarding the severity of the meeting or that expulsion was a possible punishment for T.B.[11] Plaintiff claims that prior to any meeting with Templet, T.B. was instructed to fill out a "student intake sheet," in violation of Jefferson Parish School System policy.[12]

Plaintiff alleges that when he and T.B. met with Templet on September 10, 2020, T.B. explained that he moved the BB gun "so the kids couldn't see."[13] Plaintiff claims that during this

---

[4] *Id.*

[5] *Id.* at 2–3.

[6] *Id.* at 1, 3.

[7] *Id.* at 4.

[8] *Id.*

[9] *Id.* at 1.

[10] *Id.* at 5.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 6.

meeting, he was given a Louisiana Department of Education School Behavior Report and an expulsion recommendation sheet.[14] Plaintiff alleges that prior to receiving these documents, he believed the meeting with Templet was a "slap on the wrist."[15] Plaintiff alleges that he asked Templet if he needed a lawyer but that she "immediately indicated that [Plaintiff] did not need to waste that expense."[16] Plaintiff claims that Templet told Plaintiff that she was being "directed" to pursue the action against T.B. and told Plaintiff that the case would be dropped.[17]

On September 17, 2020, Plaintiff claims that he was notified via e-mail that an expulsion hearing would take place the next day—September 18, 2020—in front of Hearing Officer Terri Joia ("Joia").[18] Plaintiff claims that prior to the hearing he did not receive any of the documents in T.B.'s file, any policies or procedures for the hearing, or any witness statements taken of T.B.'s classmates.[19] Plaintiff alleges that the hearing took approximately thirteen minutes.[20] Plaintiff contends that during the hearing, Joia assured Plaintiff that he would have a right to appeal the outcome of the hearing.[21]

Plaintiff claims that that same day, he received a "Hearing Officer Determination on Recommendation of Expulsion," which indicated that T.B.'s punishment was a suspension of time served, an amount of time estimated to be three days.[22] Plaintiff also alleges that he was given a

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at 7.

[17] *Id.*

[18] *Id.* at 8.

[19] *Id.*

[20] *Id.*

[21] *Id.* at 9.

[22] *Id.* at 10.

"probation contract" to sign, which required a 180-day probation period, a social work referral, a waiver of due process rights, a contract stating that "T.B. would maintain passing grades, arrive at school timely, . . . allow teacher to search book bag before class," and a waiver of the right to appeal.[23] Plaintiff claims that he requested an appeal of T.B.'s suspension, but was told by Patricia Adams ("Adams"), Chief Legal Counsel for the Jefferson Parish School System, that he had no right to appeal.[24]

On October 23, 2020, the Louisiana legislature passed House Bill 83, known as the Ka'Mauri Harrison Act.[25] Governor John Bell Edwards signed the bill into law on November 5, 2020.[26] The Ka'Mauri Harrison Act revised Section 17:416(c)(4)–(5) as follows (revisions are underlined):

> (4) The parent or tutor of the pupil <u>who has been recommended for expulsion pursuant to this Section</u> may, within five days after the decision is rendered, request the city or parish school board to review the findings of the superintendent or his designee at a time set by the school board; otherwise the decision of the superintendent shall be final. If requested, as herein provided, and after reviewing the findings of the superintendent or his designee, the school board may affirm, modify, or reverse the action previously taken. <u>The parent or tutor of the pupil shall have such right of review even if the recommendation for expulsion is reduced to a suspension.</u>

> (5)(a) The parent or tutor of the pupil <u>who has been recommended for expulsion pursuant to this Section</u> may, within ten days, appeal to the district court for the parish in which the student's school is located, an adverse ruling of the school board in upholding the action of the superintendent or his designee. The court may reverse or revise the ruling of the school board upon a finding that the ruling of the board was based on an absence of any relevant evidence in support thereof. <u>The parent or tutor of the pupil shall have such right to appeal to the district court even if the recommendation for expulsion is reduced to a suspension.</u>

---

[23] *Id.*

[24] *Id.*

[25] *See* HB No. 83.

[26] *See* La. Rev. Stat. § 17:416(c).

The legislation further provides that it will apply retroactively.[27]

Plaintiff claims that Defendants finally agreed to hear T.B.'s appeal on December 4, 2020.[28] Plaintiff claims that he asked for the policies in place for the hearing but was told there were none.[29] Plaintiff alleges that T.B.'s appeal hearing came directly after a six-hour hearing in a similar case involving a nine-year old accused of showing a BB gun on camera.[30] Plaintiff contends that it was clear that at least one School Board member was "ready to leave the building" prior to T.B.'s hearing.[31] During the hearing, Plaintiff claims that Defendants introduced new witnesses who lacked any connection to the case, Plaintiff was not allowed to ask relevant questions, Templet "suddenly had memory loss" during her testimony, and it quickly became clear that the School Board "had made up their mind, and had places to be."[32] Plaintiff alleges that the School Board upheld T.B's suspension.[33]

## B.     *Procedural Background*

On December 14, 2020, Plaintiff, individually and on behalf of his minor child, T.B., filed a "Petition for Judicial Review, Petition for Damages, Mandatory Injunction and Request for Jury Trial" ("Petition") against Defendants in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[34] On January 11, 2021, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1367, alleging federal question jurisdiction over Plaintiff's claims arising

---

[27] *Id.*

[28] Rec. Doc. 1-2 at 14.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* at 15–18.

[33] *Id.* at 18.

[34] Rec. Doc. 1-2.

under 42 U.S.C. §§ 1983 and 1985, and supplemental jurisdiction over the state law claims.[35]

In the Petition, Plaintiff seeks judicial review of T.B.'s suspension hearing under Section 17:416.[36] Plaintiff also brings claims for alleged violations of T.B.'s procedural and substantive due process rights under both the Louisiana Constitution and the U.S. Constitution.[37] Moreover, Plaintiff brings a claim against all Defendants for civil conspiracy, and an "unconstitutional conditions doctrine" claim against the School Board and Superintendent Gray.[38] Plaintiff's federal claims are brought pursuant to 42 U.S.C. §§ 1983 and 1985.[39]

Plaintiff also bring claims under Louisiana law. First, Plaintiff brings Louisiana state law tort claims against Defendants including: a detrimental reliance claim against Templet; an intentional infliction of emotional distress claim, or alternatively a negligent inflection of emotional distress claim, against all Defendants; and a negligence claim against the School Board, Superintendent Gray, and Joia.[40] Plaintiff also brings a takings claim against the School Board and Superintendent Gray under Louisiana Revised Statute 13:51111.[41] Further, Plaintiff brings a spoilation of evidence claim against Joia and Superintendent Gray.[42]

Finally, Plaintiff brings constitutional challenges to Louisiana Revised Statute § 17:416 ("Section 17:416") and Jefferson Parish School System's policies.[43] Specifically, Plaintiff claims

---

[35] Rec. Doc. 1.

[36] Rec. Doc. 1-2 at 20–21.

[37] *Id.* at 21–28.

[38] *Id.* at 29, 33.

[39] *Id.* at 21–29, 33.

[40] *Id.* at 29–32.

[41] *Id.* at 32.

[42] *Id.* at 34.

[43] *Id.* at 35.

that Louisiana Revised Statute § 17:416 is unconstitutional "facially and as applied to virtual learning environments" because it infringes on the rights to "privacy, parental independence, and fair notice."[44] Plaintiff alleges that Louisiana Revised Statute § 17:416(C) is unconstitutional as interpreted and applied by Jefferson Parish School System because it "deprives students of procedural [d]ue [p]rocess."[45] Plaintiff alleges that Louisiana Revised Statute § 17:416—along with Jefferson Parish School System's "Procedures & Policies for Parents & Students," and "Board Policies"—are unconstitutionally vague and overbroad.[46] Finally, Plaintiff claims that Louisiana Revised Statute § 17:416—along with Jefferson Parish School System's "Procedures & Policies for Parents & Students," and "Dangerous Weapon Policies"—violate the Second Amendment, the right to privacy, and the "right to be free from unwarranted government interference."[47]

For all of the above-mentioned claims, Plaintiff seeks damages for mental pain and suffering, future counseling and tutoring, lost income, legal expenses and costs, and punitive damages.[48]

On February 5, 2021, the State filed the instant motion to intervene.[49] On February 17, 2021, Defendants filed an opposition to the motion to intervene.[50] On February 25, 2021, with leave of Court, the State filed a reply in further support of the motion to intervene.[51]

---

[44] Id.

[45] Id. at 34–35.

[46] Id. at 35.

[47] Id.

[48] Id.

[49] Rec. Doc. 8.

[50] Rec. Doc. 17.

[51] Rec. Doc. 22.

## II. Parties' Arguments

### A.   The State's Arguments in Support of the Motion to Intervene

The State seeks to intervene in the instant litigation pursuant to Federal Rule of Civil Procedure 24 and 28 U.S.C. § 2403(b).[52] The State alleges that Plaintiff challenges the constitutionality of Louisiana Revised Statute § 17:416 in the Petition.[53] Therefore, the State argues that it has the "an unconditional statutory right" to intervene under 28 U.S.C. § 2403(b).[54] Further, the State contends that it has the right to intervene because "other claims and interests of [the State] are so situated that disposing of the action may as a practical matter impair or impede [the State]'s ability to protect them."[55] Specifically, the State points to its interests in: (i) "having its statutes and constitution correctly construed"; (ii) having [the Jefferson Parish School Board] comply with Louisiana law"; (iii) "having [the Jefferson Parish School Board] comply with its contractual obligations to the State"; and (iv) "avoiding exposure to the federal government for repayment of funds."[56]

The State further contends that the instant motion to intervene is timely under Federal Rule of Civil Procedure 5.1 because it was filed within 60 days of the Petition.[57]

### B.   Defendants' Arguments in Opposition to the Motion to Intervene

In response, Defendants first argue that the State has no right to intervene in the instant action under 28 U.S.C. § 2403(b) because "Plaintiff has not raised an actual challenge to any State

---

[52] Rec. Doc. 8-1 at 1.

[53] Id.

[54] Id. at 2.

[55] Id.

[56] Id.

[57] Id.

statute but rather alleges that Defendants' interpretation and application of State law was unconstitutional."[58] Defendants allege that "[w]hile Plaintiff purports to challenge [Louisiana Revised Statute § 17:416]'s constitutionality on the face of the [Petition], there is no substantive constitutional challenge to the statute's language or requirements found anywhere in Plaintiff's allegations."[59]

Additionally, Defendants argue that the State has no right to intervene because Louisiana Revised Statute § 17:416 was recently amended by the Ka'Mauri Harrison Act.[60] Defendants claim that the State is authorized to intervene when a party substantively challenges a State law that affects the public interest.[61] However, Defendants assert that Plaintiff's counsel and the State were "heavily involved" in drafting amendments to Louisiana Revised Statute § 17:416.[62] Defendants argue that any challenges to the constitutionality of Section 17:416 relate to the prior version of the statute, and Defendants suggest that Plaintiff is not challenging the constitutionality of the current version of the statute.[63]

Defendants further allege that actions taken by Louisiana's Attorney General and Solicitor General "exhibit personal bias against the School Board and amount to advocacy on behalf of Plaintiff . . . in derogation of the duty to represent the interests of the State."[64] Because of this alleged bias, Defendants argue that permitting the State to intervene would be "inappropriate and

---

[58] Rec. Doc. 17 at 13.

[59] Id. at 14.

[60] Id. at 17.

[61] Id.

[62] Id. at 19.

[63] Id.

[64] Id.

highly prejudicial to Defendants."[65] Moreover, Defendants claim that the State's proposed Complaint in Intervention "goes way beyond the State's statutory intervention authority" in requesting declaratory and injunctive relief related to compliance with Section 17:416.[66] Defendants allege that the State "seeks essentially an advisory opinion on a multitude of issues, none of which involve the constitutionality of Section 17:416."[67]

Finally, Defendants argue that the motion to intervene is procedurally deficient because the State lacks standing to intervene.[68] Defendants contend that because a state employee (Superintendent Gray) and a state agency (the School Board) are already defendants in this action, the State's interests are adequately represented and intervention is unnecessary.[69]

### C.   The State's Arguments in Further Support of the Motion to Intervene

The State counters by alleging that it is entitled to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(1) and 28 U.S.C. § 2403 because the Petition unambiguously claims that Louisiana Revised Statute § 17:416 is facially unconstitutional and unconstitutional as applied.[70] The State argues that Plaintiff's challenge to the applicability of Section 17:416 to virtual learning is necessarily a challenge to the constitutionality of the statute itself and intervention is therefore the State's right.[71]

The State further claims that Defendants' remaining arguments against intervention are incorrect. First, the State argues that the passage of the Ka'Mauri Harrison Act does not disturb

---

[65] *Id.*

[66] *Id.* at 25.

[67] *Id.*

[68] *Id.*

[69] *Id* at 26.

[70] Rec. Doc. 22 at 2.

[71] *Id.* at 2–3.

the State's right to intervene because Section 17:416 still affects the rights of Louisiana citizens.[72]
The State asserts that Defendants themselves recognize that the law has broad reach.[73] Moreover,
the State argues that Defendants' claims surrounding the bias of the Attorney General and Solicitor
General are irrelevant and do not affect the right of the State to intervene under 28 U.S.C. § 2403.[74]

Finally, the State asserts that the School Board is not a state agency, but instead is a "local
independent agent[]" under the Louisiana Constitution.[75] The State contends that Defendants do
not and cannot adequately represent the State's interests.[76] The State argues that Defendants
represent only a limited section of the State while it represents the State as a whole.[77] The State
contends that "no one, especially a local political subdivision, can represent the interests of a
sovereign over the sovereign's objection."[78] Further, the State asserts that Defendants themselves
have argued that Section 17:416 is unconstitutional, making clear that Defendants' objective in
this suit is "to avoid liability, not defend [Section 17:416]."[79]

In addition to arguing that it can intervene as a matter of right under 28 U.S.C. § 2403 and
Federal Rule of Civil Procedure 24(a)(1), the State also claims that it is entitled to intervene as a
matter of right under Rule 24(a)(2).[80] The State alleges that it has legally cognizable interests in:
(i) "having its statutes and constitution correctly construed;" (ii) having [the Jefferson Parish

---

[72] *Id.*

[73] *Id.* at 3–4.

[74] *Id.* at 4.

[75] *Id.* at 5.

[76] *Id.* at 7.

[77] *Id.*

[78] *Id.*

[79] *Id.* at 8.

[80] *Id.* at 6.

School Board] [as a political subdivision of Louisiana] comply with Louisiana law"; (iii) "having [the Jefferson Parish School Board] comply with its contractual obligations to the State"; and (iv) "avoiding exposure to the federal government for repayment of funds."[81] The State claims that Defendants do "not dispute that the disposition of this case may impair or impede [the State]'s ability to protect those interests" and therefore, intervention is the State's right.[82]

Finally, the State argues that even if it is not entitled to intervene as a matter of right, it should be permitted to intervene under Rule 24(b).[83] The State contends that denying intervention and making it file a separate lawsuit would "needlessly expend the parties' and the courts' resources" and "greatly complicate this case."[84]

### III. Law

#### A. *Intervention of Right*

In analyzing motions to intervene as a matter of right, courts look to Federal Rule of Civil Procedure 24(a). Rule 24(a) provides that:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> > (1) is given an unconditional right to intervene by a federal statute; or
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Fifth Circuit has made clear that, although the burden of proving intervention is on the movant, "Rule 24 is to be liberally construed" and "[f]ederal courts should allow intervention

---

[81] *Id.*

[82] *Id.*

[83] *Id.* at 9.

[84] *Id.*

where no one would be hurt and the greater justice could be attained."[85] The inquiry "is a flexible

one, and a practical analysis of the facts and circumstances of each case is appropriate."[86]

A party seeking to intervene under Rule 24(a)(2) must meet four requirements, namely:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.[87]

## B.   *Permissive Intervention*

In motions to intervene based on permissive intervention, courts look to Federal Rule of

Civil Procedure 24(b). Rule 24(b) provides:

> (1) *In General.* On timely motion, the court may permit anyone to intervene who:
>     (A) is given a conditional right to intervene by a federal statute; or
>     (B) has a claim or defense that shares with the main action a common question of law or fact.
> (2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
>     (A) a statute or executive order administered by the officer or agency; or
>     (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

"Permissive intervention is wholly discretionary with the district court" and is reviewed for clear

abuse of discretion.[88]

---

[85] *Texas v. United States*, 805 F.3d 653, 656–57 (5th Cir. 2015).

[86] *Brumfield v. Dodd*, 749 F.3d 339, 342 (5th Cir. 2014).

[87] *Texas*, 805 F.3d at 657.

[88] *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984).

## IV. Analysis

The State seeks to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(1) and 28 U.S.C. § 2403.[89] Alternatively, the State argues that it has a right to intervene under Rule 24(a)(2) or should be permitted to intervene under Rule 24(b).[90] The parties do not dispute that the instant motion is timely.

As detailed above, Federal Rule of Civil Procedure 24(a) provides for intervention as a matter of right. Rule 24(a) provides for such intervention in two distinct situations: (i) Rule 24(a)(1) provides for intervention when so permitted by a federal statute and (ii) Rule 24(a)(2) provides for intervention when the moving party claims an interest in the ongoing litigation.

The State argues that it has a right to intervene in the instant matter under Federal Rule of Civil Procedure 24(a)(1).[91] Rule 24(a)(1) provides that a court must permit intervention upon a timely motion filed by anyone who "is given an unconditional right to intervene by a federal statute." Here, the State contends that 28 U.S.C. § 2403 gives the State the right to intervene.[92] 28 U.S.C. § 2403 provides in pertinent part:

> (b) In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

---

[89] Rec. Doc. 8-1 at 1; Rec. Doc. 22 at 2.

[90] Rec. Doc. 22 at 6, 9.

[91] Rec. Doc. 8-1 at 1.

[92] *Id.*

Because Plaintiff is contesting the constitutionality of a state statute, Louisiana Revised Statute § 17:416, the State asserts that it has the right to intervene.[93]

Defendants make multiple arguments in opposition to the State's motion to intervene. First, Defendants argue that Plaintiff is not challenging the constitutionality of Louisiana Revised Statute § 17:416 but instead is contesting only Defendants' interpretation and application of the statute within the context of virtual learning.[94] Next, Defendants allege that the State has no right to intervene because Section 17:416 was revised by the Ka'Mauri Harrison Act.[95] Defendants argue that the State seeks to intervene to "offer its opinions" on the prior version of Section 17:416, a defunct law that has no bearing on the public interest.[96] Finally, Defendants claim that the State does not have standing to intervene because its interests in this litigation are already represented by the Jefferson Parish School Board, a State agency, and Superintendent Gray, a State officer.[97]

Under 28 U.S.C. § 2403 and Rule 24(a)(1), a state has the right to intervene if a party to a suit challenges the constitutionality of a state statute. The Fifth Circuit has distinguished between constitutional challenges to a statute itself and challenges to the application or interpretation of a state statute. For example, in *Haspel v. Davis Milling & Planting Co. Ltd. v. Board of Levee Commissioners of the Orleans Levee District*, the Fifth Circuit affirmed a district court's denial of a motion to intervene under Rule 24(a)(1).[98] The Fifth Circuit held that the State of Louisiana did not have a right to intervene under Rule 24(a)(1) because the legal issues presented in the case

---

[93] *Id.* at 1–2.

[94] Rec. Doc. 17 at 13.

[95] *Id.* at 17.

[96] *Id.* at 19.

[97] *Id.* at 25–26.

[98] 493 F.3d 570 (5th Cir. 2007).

"rais[ed] only questions of the proper interpretation of Louisiana law" and not the constitutionality of the applicable state statute.[99]

Defendants are correct that many of Plaintiff's constitutional challenges relate to Defendants' application and interpretation of Louisiana Revised Statute § 17:416 within the context of virtual learning. However, Plaintiff also raises a facial challenge to the constitutionality of Section 17:416, alleging that Section 17:416 is "unconstitutionally vague and overbroad."[100] Therefore, Plaintiff is arguing that the statute *itself* is unconstitutional—not simply that Defendants' application of the statute was unconstitutional. Considering that the constitutionality of Section 17:416 "is drawn in question," the State has the right to intervene under Rule 24(a)(1).

Moreover, Defendants' remaining arguments against intervention under Rule 24(a)(1) are unpersuasive. First, although the Legislature amended Section 17:416 in part through the Ka'Mauri Harrison Act, the statute remains very much "on the books" and sets out the disciplinary system for thousands of students within Louisiana schools. Thus, it clearly affects the public interest of Louisiana citizens. Moreover, the State's interests are not adequately represented by other defendants in the instant litigation. While "Louisiana courts have referred to school boards as 'agencies' of the [S]tate," the Fifth Circuit has made clear that "a suit against a parish school board is not a suit against the state," and that school boards are not "arms of the state," but instead "possess[] an identity sufficiently distinct from that of the State of Louisiana."[101] The Fifth Circuit, therefore, has identified school boards as "local independent agents," instead of agencies of the

---

[99] *Id.* at 578.

[100] Rec. Doc. 1-2 at 36.

[101] *Minton v. St. Bernard Par. Sch. Bd.*, 803 F.2d 129, 131–32 (5th Cir. 1986).

State.[102] Considering the State's interests are not adequately represented by the School Board or Superintendent Gray, it has a right to intervene in the instant suit.

Alternatively, the State has the right to intervene under Rule 24(a)(2). As stated above, to intervene under Rule 24(a)(2), the State must meet four requirements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.[103]

The first requirement is met here because, as discussed above, there is no dispute that the instant motion to intervene is timely. As to the second requirement, "[a] potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene, if the potential intervener has a 'direct, substantial, [and] legally protectable' interest in the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene."[104] Here, the State provides at least four interests it has in the instant action: (i) "having its statutes and constitution correctly construed"; (ii) having [the Jefferson Parish School Board] [as a political subdivision of Louisiana] comply with Louisiana law"; (iii) "having [the Jefferson Parish School Board] comply with its contractual obligations to the State"; and (iv) "avoiding exposure to the federal government for repayment of funds."[105] Considering the Fifth Circuit has held that this "interest test" is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible

---

[102] *Id.*; *see also Sch. Bd. of Par. of St. Charles v. Roxco, Ltd.*, No. 01-0359, 2001 WL 283094, at *1 (E.D. La. Mar. 21, 2001) (Porteous, J.).

[103] *Haspel*, 493 F.3d at 578.

[104] *John Doe No. 1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001).

[105] Rec. Doc. 8-1 at 2.

with efficiency and due process,"[106] this Court finds that the State has a sufficient interest in intervention.

As to the third requirement, denying the State intervention in this action could impede its ability to protect its interests if, for example, the statute is interpreted in a different manner than the State believes proper. With respect to the fourth requirement, the Fifth Circuit has made clear that the movant's burden of proving inadequate representation is a "minimal" one that is met if the movant shows that "representation may be inadequate."[107] As discussed above, the State's interests are not adequately represented in the instant suit. Accordingly, because the State has satisfied all four requirements of Rule 24(a)(2), it has a right to intervene in the instant suit.

## V. Conclusion

For the reasons set forth above, the State has the right to intervene in this matter under either Federal Rule of Civil Procedure 24(a)(1) or Federal Rule of Civil Procedure 24(a)(2). Therefore, the Court need not reach the State's alternative argument that it should be allowed to intervene under Federal Rule of Civil Procedure 24(b). Accordingly,

---

[106] *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (quoting *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992)).

[107] *Id*. (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)).

**IT IS HEREBY ORDERED** that the State of Louisiana's "Motion to Intervene"[108] is

**GRANTED**.

**NEW ORLEANS, LOUISIANA,** this ___12th___ day of March, 2021.


_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---
[108] Rec. Doc. 8.