UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TIMOTHY BROWN, INDIVIDUALLY | * | |
| AND ON BEHALF OF HIS MINOR | * | |
| CHILD, T.B. | * | |
| | * | CASE NO. 2:21-CV-00040 |
| | * | |
| VERSUS | * | SECTION G, DIVISION 5 |
| | * | |
| JEFFERSON PARISH SCHOOL | * | CHIEF JUDGE BROWN |
| BOARD, DR. JAMES GRAY, | * | |
| DR. CHRISTINE TEMPLET, | * | MAGISTRATE NORTH |
| AND TERRI JOIA | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants, the Jefferson Parish School Board ("School Board"), Dr. James Gray ("Superintendent Gray"), Dr. Christine Templet ("Principal Templet"), and Terri Joia ("Hearing Officer Joia") (all collectively "Defendants") request that this Court dismiss with prejudice all State and Federal Constitutional, civil rights, and tort claims against Defendants raised in the First Supplemental and Amending Complaint ("First Amended Complaint') and the original *Petition for Judicial Review, Petition for Damages, Mandatory Injunction and Request for Jury Trial* ("Complaint") of Plaintiff, Timothy Brown, individually and on behalf of his minor child, T.B. ("Plaintiff') for the following reasons.

***First***, Plaintiff has failed to state any ground for relief under 42 U.S.C. §§ 1983 and 1985 and the Louisiana and Federal Constitutions (Counts II, III IV, VIII, and IX), or Louisiana tort law (Counts V, VI, VII) related to alleged actions by Defendants that (a) were indisputably within the course and scope of their duties as school administrators and employees, and (b) do not implicate or violate any "clearly established" Constitutional right.  Defendants are thus entitled to qualified immunity for all such actions under State and Federal law. Further, Plaintiff's claim under La.

1

Rev. Stat. § 13:5111 for appropriation or taking of property without fair compensation (Count VIII) and his claim under the Federal "unconstitutional condition" doctrine (Count IX) related to disciplinary action taken in response to student conduct during a virtual class are not viable claims and are merely a repackaging of the constitutional right to privacy claims.

*Second*, Plaintiff's claims related to the denial of an appeal of Hearing Officer Joia's disciplinary determination to the School Board and the denial of judicial review before a district court, including the claims under 42 U.S.C. §§ 1983 and 1985 and the Louisiana and Federal Constitutions (Counts II, III, and IV), and the State-law tort claims (Counts V, VI, and VII), are not legally cognizable in light of this Court's decision in *Robinson v. St. Tammany Parish Public School System*, affirmed by the Fifth Circuit, and the Louisiana Second Circuit Court of Appeal's ruling in *Bonner v. Lincoln Parish School Board*, both holding that no such rights existed at the time of the underlying events in this case.

For the reasons discussed herein, all of the aforementioned claims should be dismissed with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## I.    BACKGROUND

### A. The student, T.B., possessed a weapon during a virtual class, and pursuant to School and JPPSS policy was recommended for expulsion, which was ultimately reduced to a three-day suspension.

This action arises from an incident that occurred on September 9, 2020 while T.B., a sixth-grade student at Grand Isle School ("School"), was participating in a virtual class from his bedroom in his home. (R. Doc. 1-2, pp. 2–3, ¶¶ 4, 10.)[1] The class was being held virtually through a software program that allowed the teacher and all of the students to view each other's screens.

---

[1] The First Amended Complaint incorporates by reference only the allegations made in the prior Complaint, and so the document and page references throughout this Motion relate to the original Complaint, R. Doc. 1-2, pp. 1–58.

At some point during the class, T.B. picked up a BB gun and displayed it to his fellow students by holding it in front of his laptop camera. (R. Doc. 1-2, pp. 3-4, ¶¶ 12, 16; p. 45, Ex. A, Behavior Report.)   The sixth-grade teacher was not looking at the screen showing all of the students' screens at the time, and instead heard one or more students exclaim "He has a gun!" which caused him to switch screens to determine the cause of the commotion. (R. Doc. 1-2, pp. 3–4, ¶¶ 12–13; p. 45, Ex. A.)  The teacher observed T.B. holding something in his hand, off camera, and asked him whether he had a gun, to which T.B. admitted and apologized. (R. Doc. 1-2, p. 4, ¶ 13; p. 45, Ex. A.)    It is not clear at what point the student informed the teacher that the gun was actually a BB gun, but this fact is immaterial for purposes of this Motion. The teacher reported the incident to the Principal of Grand Isle School, Defendant Principal Templet, and submitted a written statement that was included in a Louisiana Department of Education School Behavior Report ("Behavior Report") that Principal Templet completed on September 9, 2020. (R. Doc. 1-2, p. 4, ¶¶ 16–17; pp. 44–45, Ex. A.) The Behavior Report stated that T.B. would be recommended for expulsion for the offense of possession of "weapons not federally prohibited." (R. Doc. 1-2, p. 4, ¶¶ 16–17, p. 44, Ex. A.)

After the incident, Plaintiff and T.B. participated in a pre-expulsion meeting with Principal Templet where they were allowed to provide their version of the events and any supporting documents or information. (R. Doc. 1-2, p. 5, ¶ 21.) Based on the undisputed fact that T.B. possessed and displayed a weapon in a virtual classroom, which is considered a school-sponsored event, Principal Templet determined that the recommendation for expulsion was appropriate and referred the matter to the Superintendent's office. (R. Doc. 1-2, pp. 6–7, ¶¶ 31–32.)  After this meeting, Plaintiff was notified by JPPSS that a due process hearing would be conducted before the Superintendent's designee on September 18, 2020 to assess the disciplinary action taken by the

319677.v1

School and that Plaintiff and/or his representative would be allowed another opportunity to present statements and evidence in response to the charge. (R. Doc. 1-2, p. 8, ¶ 40.)

The hearing went forward virtually by Zoom on September 18, 2020, overseen by JPPSS Hearing Officer Joia. (R. Doc. 1-2, pp. 8–9, ¶ 45.) Plaintiff and T.B. participated in the hearing, as did Principal Templet. During the due process hearing, Plaintiff was allowed to provide his position on the September 9th classroom incident and why he believed the recommended discipline against T.B. was improper. (R. Doc. 1-2, pp. 8–9, ¶ 45.)

At the conclusion of the due process hearing, Hearing Officer Joia informed Plaintiff that she would issue a ruling and that Plaintiff would have five days to appeal the determination to the School Board (notably, the law in effect at the time of the September 18th due process hearing did not provide such appeal rights unless the School's recommendation of expulsion was upheld by the hearing officer, which did not occur here). (R. Doc. 1-2, p. 9, ¶ 45.) Hearing Officer Joia issued her decision letter the same day (Friday, September 18th), which stated that T.B. was guilty of displaying a facsimile weapon in a virtual class, in violation of School and JPPSS policies, and that the recommendation of expulsion would be revised to a three-day out-of-school suspension, all of which had already been served by T.B., and thus he could return to school on Monday, September 21, 2020. (R. Doc. 1-2, p. 10, ¶ 48.) Accordingly, T.B. was not expelled, only suspended for three days, and thus had no right to an appeal to the School Board or to judicial review under the law in effect at the time. Further, Hearing Officer Joia's decision letter included a proposed probationary contract that Plaintiff was asked to review and sign, but it was never finalized or executed and no further action was taken by Defendants to attempt to enforce this contract. (R. Doc. 1-2, p. 10, ¶ 50.)On December 4, 2020, the School Board conducted a *de novo* hearing and upheld the suspension. (R. Doc. 1-2, p. 14, ¶ 68.)

4

**B. Plaintiff's Claims against Defendants.**

Plaintiff filed suit in the Twenty-Fourth Judicial District Court for Jefferson Parish on December 14, 2020 against the School Board, Superintendent Gray, Principal Templet, and Hearing Officer Joia, seeking judicial review and reversal of the School Board's disciplinary determination as well as related injunctive relief, and further asserting claims under 42 U.S.C. §§ 1983 and 1985, the Louisiana and Federal Constitutions, and Louisiana tort law related to the disciplinary procedures used by the School and JPPSS in response to the September 9, 2020 classroom incident involving T.B. (R. Doc. 1-2, pp. 1–58.) Defendants removed this action to this Court on January 11, 2021. (R. Doc. 1.) Plaintiffs filed a First Amended Complaint on March 29, 2021 to supplement their constitutional challenges to the mandatory expulsion provisions and "school-sponsored activity or function" language found in La. Rev. Stat. § 17:416, as well as the disciplinary discretion and authority provided to schools in La. Rev. Stat. § 17:416.1. (R. Doc. 35.)

**C. Claims Subject to this Motion to Dismiss.**

Defendants seek dismissal of the following claims in the First Amended Complaint:

(1)     Constitutional claims under 42 U.S.C. § 1983 and Louisiana and Federal Constitutions for alleged violations of Fourteenth Amendment procedural and substantive due process, and civil conspiracy to commit same under 42 U.S.C. § 1985, against all Defendants (Counts II and IV);

(2)     Constitutional claims under 42 U.S.C. § 1983 and Louisiana and Federal Constitutions for alleged violations of First Amendment right to free expression, Fourteenth Amendment right to Privacy, and other alleged "fundamental rights," and civil conspiracy to commit same under 42 U.S.C. § 1985, against all Defendants (Count III and IV);

(3)     State-law detrimental reliance claim against Principal Templet (Count V);

5

(4)     State-law intentional (or alternatively, negligent) infliction of emotional distress claim against all Defendants (Count VI);

(5)     State-law negligence claim against the School Board, Superintendent Gray, and Hearing Officer Joia (Count VII);

(6)     State-law unconstitutional taking claim against the School Board and Superintendent Gray for allegedly appropriating Plaintiff's home without just compensation (Count VIII); and

(7)     Claim that the School Board and Superintendent Gray imposed an "unconstitutional condition" by requiring Plaintiff to choose between receiving public education and his State and Federal Constitutional rights to privacy (Count IX);

The following chart summarizes the claims sought to be dismissed by this Motion:

| Count | Type of Claim | Legal Authority | Defendants Against Whom Brought | Dismissal Sought |
|---|---|---|---|---|
| 1 | Judicial Review under La. Rev. Stat. § 17:416 as currently amended | La. Rev. Stat. § 17:416 (following 2020 Amend.) | All | No |
| 2 | Constitutional violations of Procedural and Substantive Due Process Rights | 42 U.S.C. § 1983; U.S. Const. 14th Am. La. Const. | All | **Yes** |
| 3 | Constitutional violations of Fundamental Rights | 42 U.S.C. § 1983; U.S. Const. 1st, 14th Am. La. Const. Art. I, § 5 | All | **Yes** |
| 4 | Civil Conspiracy | 42 U.S.C. § 1985 | All | **Yes** |
| 5 | Detrimental Reliance | La. Civ. Code art. 1967 | Templet | **Yes** |
| 6 | Intentional/Negligent Infliction of Emotional Distress | La. Civ. Code art. 2315 | All | **Yes** |
| 7 | Negligence | La. Civ. Code art. 2315 | School Board, Gray, Joia | **Yes** |
| 8 | Taking/Appropriation | La. Rev. Stat. § 13:5111 | School Board, Gray | **Yes** |
| 9 | Unconstitutional Condition | U.S. Const. 1st Am. | School Board, Gray | **Yes** |
| 10 | Spoliation | La. Civ. Code art. 2315 | Gray, Joia | No |

Counts II, III, IV, V, VI, VII, VIII, and IX in the First Amended Complaint are facially deficient, fail to state a claim upon which relief can be granted, and should be dismissed with prejudice.

319677.v1

## II.    LAW AND ARGUMENT

### A.  Legal Standard for Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim.

Fed. R. Civ. P. 12(b)(6) provides that an action may be dismissed for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570.

In weighing a Rule 12(b)(6) motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).  However, a court is not required to accept legal conclusions as true. *Iqbal*, 556 U.S. at 677-78. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient. *Id.* at 678. "The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action." *Id.* That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed. *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

**B. Plaintiff's §§ 1983 and 1985 claims, State and Federal Constitutional claims, and State law tort claims fail as a matter of law because Defendants have qualified immunity for their actions which did not violate any clearly established constitutional right and were within the course and scope of their duties.**

Plaintiff asserts various actions and inactions by the School Board, Superintendent Gray, Hearing Officer Joia, and Principal Templet that allegedly deprived Plaintiff of due process throughout the disciplinary process involving T.B., and Plaintiff states that all individually named Defendants acted in their official and personal capacities in committing such actions, permitting them to be sued individually. Specifically, Plaintiff alleges that: Defendants (1) failed to issue policies and procedures that gave adequate notice of conduct that would subject T.B. to discipline; (2) failed to provide School Board policies and procedures to Plaintiff in advance of the September 18, 2020 due process hearing and provided inadequate advance notice of the hearing; and (3) exhibited bias during the December 4, 2020 appeal hearing before the School Board by (a) permitting Patricia Adams (Chief Legal Counsel for JPPSS) to present JPPSS's case to the School Board, (b) scheduling the appeal hearing of another student's suspension in a related case to be heard before T.B.'s hearing, (c) denying Plaintiff the ability to call witnesses at the hearing, (d) providing undue weight to Principal Templet's testimony in reaching its decision to uphold the disciplinary determination, and (e) conforming its ruling with the disciplinary determination from the appeal hearing conducted prior to T.B.'s hearing, where the other student's discipline was reduced from a six-day to a three-day suspension (Plaintiff alleges that the School Board was racially motivated in equating the disciplinary action against T.B., who is Caucasian, with the other student, who is African-American). (R. Doc. 1-2, pp. 7–8, 15, 18, 19, ¶¶ 38, 41, 74, 90–91, 95–96; pp. 22–26.)[2]

---

[2] Beginning at page 20 of the Complaint, Plaintiff re-numbers each subsequent Section/Count anew, such that the Paragraphs throughout the Complaint are not sequentially numbered, and thus Defendants have omitted paragraph references whenever citing to pages 20–37 of the Complaint.

319677.v1

Plaintiff also alleges a litany of other constitutional and quasi-constitutional violations by Defendants, including: (i) interference with his right to control T.B.'s education and his upbringing; (ii) stigmatizing Plaintiff and impairing T.B.'s educational opportunities; (iii) invading Plaintiff's privacy rights by treating his home as an extension of the government classroom; (iv) failing to properly train hearing officers, teachers, and principals to properly enforce policies and conduct due process hearings; (v) suspending T.B. in a way that was not consistent with the nature of his offense; (vi) denying Plaintiff's alleged right to an appeal before the School Board and then conducting a "rubber stamp" hearing that did not provide a fair appeal to Plaintiff; (vii) failing to adequately investigate T.B.'s offense and issue appropriate discipline; (viii) subjecting T.B. to an "unusual injury" as a result of the charge for possessing a weapon; and (ix) applying School and School Board policies in a manner that was inconsistent, vague and overbroad. As to these claims, Plaintiff alleges that each Defendant was either directly involved in the violations or conspired with the other Defendants to commit them, creating liability under 42 U.S.C. §§ 1983 and 1985. (R. Doc. 1-2, pp. 26–28.)

### 1. Qualified immunity of state actors under 42 U.S.C. §§ 1983 and 1985.

"The doctrine of qualified immunity offers a shield against civil liability for government employees 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 129 (2009). A court's determination of "whether an official protected by qualified immunity may be

9

held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (quoting *Harlow*, 457 U.S. at 818–19) (additional citations omitted).

For a right to be "clearly established" such that qualified immunity is inapplicable, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wernecke*, 591 F.3d at 392 (quoting *Anderson*, 483 U.S. at 640). Therefore, "[o]fficials should receive the protection of qualified immunity '***unless the law is clear*** in the more particularized sense that reasonable officials should be put on notice that their conduct is unlawful.'" *Id.* at 393 (quoting *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004)) (emphasis added). A key component of the 'clearly established' analysis is whether there are prior court decisions or legal proclamations that provided "fair warning" to the official "***that the conduct then at issue violated constitutional rights***." *Id.* (quoting *Hope v. Pelzer*, 536 U.S. 730, 740 (2002)) (emphasis added).

a. *There was no violation of a clearly established First Amendment right.*

In *Decossas v. St. Tammany Parish Sch. Bd.*, No. 16-3786, 2017 WL 3971248, at *1 (E.D. La. Sept. 8, 2017), Your Honor considered claims brought by the parents of a student who was suspended for drug-related misconduct on school grounds. There, the plaintiff alleged that school officials did not notify the student's parents of an interrogation and search of the student's cellphone until after the student had been suspended with a recommendation for expulsion on "disciplinary and drug allegations." *Id.* The plaintiff further claimed that the defendants deprived them of due process in the disciplinary hearing where evidence was presented from the cellphone that the Plaintiff claimed was illegally searched. *Id.* The plaintiff also alleged (as Plaintiff does

10

here) that they were denied an appeal to the school board and that the school board's policies and procedures for conducting disciplinary hearings violated due process. *Id.*

In *DeCossas*, this Court cited the Supreme Court's and Fifth Circuit's prior rulings in holding that while students have rights to freedom of speech and expression at school, the First Amendment "does not provide students absolute rights to such freedoms, and those rights must be tempered in the light of a school official's duty to, *inter alia*, 'teach[ ] students the boundaries of socially appropriate behavior,' and 'protect those entrusted to their care.'" *Id.* at \*15 (quoting *Bell v. Itawamba Cnty. Sch. Bd.*, 799 F.3d 379, 389 (5th Cir. 2015); *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 681 (1986); *Morse v. Frederick*, 551 U.S. 393, 408 (2007)).  Your Honor noted that in *Morse*, the Supreme Court held that the "special characteristics of the school environment, and the governmental interest in stopping student drug abuse . . . allow schools to restrict student expression that they reasonably regard as promoting illegal drug use." *Id.*

Here, it is self-evident that the School likewise has a duty to implement and enforce reasonable policies prohibiting weapons in virtual classrooms and to restrict conduct in virtual learning that endangers the safety of students or others and disrupts the learning environment. Plaintiff has failed to allege any "clearly established" right under the First Amendment related to freedom of speech or expression that has been infringed by Defendants' implementation of rules and procedures for handling of student disciplinary matters involving weapons possession in virtual classrooms.  Further, there is no legal precedent that could have put Defendants on notice that they were engaging in unconstitutional behavior by enforcing the School and School Board's standard rules prohibiting possession of weapons on school property or at school-sponsored events and extending application of those rules to student conduct while participating in virtual learning. *See* La. Rev. Stat. § 17:416(A)(1)(a) ("Every teacher and other school employee shall endeavor to

11

hold every student to a strict accountability for any disorderly conduct in school . . . *or at any school-sponsored activity or function*"); § 17:416(C)(2)(b)(i) (subjecting to discipline under the statute "[a]ny student who is under sixteen years of age and in grades six through twelve and who is found guilty of being in possession of a firearm on school property . . . *or in actual possession at a school sponsored event*") (emphasis added).

Accordingly, Plaintiff has failed to demonstrate any clearly established right under the First Amendment that was violated in this case, and all such claims fail as a matter of law.

b. *There was no violation of a clearly established Fourteenth Amendment right.*

The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The right to an education, once extended by the state, constitutes a property interest protected by the Due Process Clause of the Fourteenth Amendment, and "a State 'may not withdraw that right on grounds of misconduct absent [ ] fundamentally fair procedures to determine whether the misconduct has occurred.' " *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011) (citing *Goss v. Lopez*, 419 U.S. 565, 574 (1975)).

This Court held in *DeCossas* that "[a]s to the procedural due process required, in the case of shorter suspensions from school, the Supreme Court has held that a student is entitled to 'oral or written notice of the charges against him' and 'an explanation of the evidence the authorities have and an opportunity to present his side of the story.'" *DeCossas*, 2017 WL 3971248, at *12. Your Honor stated that in order to prevail on a substantive due process claim, "a plaintiff must first establish that he held a constitutionally protected right or property interest to which the Fourteenth Amendment's due process protection applies." *Id.* (citing *Simi Inv. Co., Inc. v. Harris Cnty., Tex.*, 236 F.3d 240, 249 (5th Cir. 2000)). Contrary to Plaintiff's allegations that T.B. was somehow deprived of the constitutional right to a public education because of a three-day

12

suspension for his clear violation of School policy, the Fifth Circuit has held that "when a child is suspended or expelled, [he] is not automatically deprived of all further public educational benefits." *Swindle v. Livingston Par. Sch. Bd.*, 655 F.3d 386, 395 (5th Cir. 2011).

Similar to the ruling in *DeCossas*, here Plaintiff has not provided any facts to support a claim under the Fourteenth Amendment for violation of any "clearly established" substantive or procedural due process right. Plaintiff alleges that he was not provided with adequate notice or documentation prior to the due process hearing before Hearing Officer Joia, and he makes vague allegations that Superintendent Gray and Hearing Officer Joia failed to implement sufficient policies and procedures to address student conduct in virtual learning. He also claims that the appeal before the School Board violated due process because Ms. Adams presented the case for JPPSS, Superintendent Gray was not present, and Plaintiff was prevented from calling the Solicitor General and others as witnesses. (R. Doc. 1-2, pp. 15, 18, ¶¶ 74–75, 90; pp. 24–26.)[3]

Plaintiff was clearly provided with sufficient due process protections since he was notified of the charges against T.B. and given multiple opportunities to present evidence, witnesses, and argument in favor of a reduction in the disciplinary determination. *See Harris*, 635 F.3d 685, 690–91 (5th Cir. 2011) (Where student was suspended for less than ten days, he had to "be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story.") (citing *Goss*, 419 U.S. at 581). Ultimately, after all of the evidence was heard at the September 18, 2020 due process hearing, and later at the December 4, 2020 School Board hearing, the School Board determined that the

---

[3] Plaintiff alleges in Counts VIII–IX that the application of School Board weapon policies to virtual classrooms constituted both an "unconstitutional condition" forcing a choice between a public education and the right to privacy, and also a "taking" of Plaintiff's home without just compensation. These arguments are unsupported by any precedent and are merely a repackaging of the constitutional privacy claims, and thus should be dismissed on the same grounds.

discipline issued by the Superintendent, a three-day suspension, was proper and there was no denial of due process. This Court should likewise hold.

   c. *Plaintiff fails to specifically plead personal actions giving rise to liability of the individual Defendants under §§ 1983 and 1985.*

Further, the §§ 1983 and 1985 claims against individual Defendants (Superintendent Gray, Principal Templet, Hearing Officer Joia), should be dismissed because there are no specific factual allegations that any of them were personally involved in the alleged due process or other Constitutional violations. Rather, Plaintiff generally, and often vaguely, alleges that Superintendent Gray, Principal Templet, and Hearing Officer Joia were involved in the failure to institute and enforce effective policies that deprived Plaintiff and T.B. of procedural and substantive due process. (R. Doc. 1-2, pp. 22–23.)

These types of generalized, conclusory allegations—without specific facts of personal involvement in acts that amount to a constitutional violation—are insufficient to establish a claim against the individual Defendants under Sections 1983 or 1985. *See Anthony v. School Bd. of Iberia Parish*, 692 F. Supp. 2d 612, 622–23 (W.D. La. 2010) (granting Rule 12(b)(6) motion to dismiss claims against school board members in their individual capacities). As stated in *Anthony*, "[s]upervisory public officials cannot be held liable under § 1983 on any theory of vicarious liability. To be liable under § 1983, a supervisory public official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights."). Here, none of the claims against Superintendent Gray, Principal Templet, and Hearing Officer Joia give rise to personal liability and all are duplicative of the claims raised against the School Board.[4]

---

[4] The Fifth Circuit has consistently dismissed claims against public officers in their official capacities when those claims are duplicative of those raised against the government entities themselves. *See Castro Romero v. Becken*, 256

2.   Qualified immunity of school administrators and school boards under State law.

Louisiana law provides, under multiple statutes, qualified immunity for public school teachers, principals, and other administrators, as well as members of school boards or other governing bodies over school districts, from any alleged liability for actions taken within the course and scope of their duties and responsibilities. Qualified immunity is an "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).  Once a defendant invokes the defense of qualified immunity, the plaintiff carries the burden of demonstrating its inapplicability. *Club Retro, LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

a.   *Louisiana Revised Statute § 17:439.*

First, school employees have qualified immunity under La. Rev. Stat. § 17:439:

> Except as otherwise provided in this Section, ***no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee's duties*** as defined by the school board in which the school employee is employed and was within the specific guidelines for school employee behavior as established by that school board.

La. Rev. Stat. § 17:439(A) (emphasis added).[5]  The Louisiana Supreme Court has held that a school employee may invoke the protections of Section 17:439(A) by establishing: "(1) the cause of action against the employee is based on a statement made or action taken by the employee, (2) the action or statement was made in the course and scope of the employee's duties as defined by the school board, and (3) the action or statement must be within the specific guidelines for school employee behavior as established by the school board." *Randolph v. E. Baton Rouge Par. Sch.*

---

F.3d 349, 355 (5th Cir. 2001); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987).

[5] Section 17:439(B) defines "school employee" to include "any school employee who has direct contact with students in the course and scope of the school employee's duties as defined by the school board by which the school employee is employed, and includes but is not limited to school-based administrators, classroom teachers, coaches, librarians, counselors, teachers' aides, clerical employees, lunchroom workers, custodial workers, school bus operators, and school bus operators' aides." This definition is broad and includes all individually named Defendants.

15

*Bd.*, No. 15-654, 2018 WL 1474541, at *18 (M.D. La. Mar. 26, 2018), *aff'd in part, rev'd in part and remanded sub nom.*, 774 F. App'x 861 (5th Cir. 2019).

The only exception to this immunity is actions or statements that are malicious, willful, and deliberately intended to cause bodily harm, harassment, or intimidation to a student. La. Rev. Stat. § 17:439(D).  Plaintiff has not alleged any conduct that would rise to this level of severity and intentionality and thereby exempt the behavior from the qualified immunity afforded to Defendants from the claims in this action.  Plaintiff's allegations almost entirely sound in negligence, not intentional tort—with the exception of the intentional infliction of emotional distress claim—and all such claims are clearly within the scope of qualified immunity under Section 17:439.  Moreover, even if the Defendants acted intentionally or willfully in any of their alleged unconstitutional or tortious conduct, there would only be a loss of qualified immunity under Section 17:439 <u>if those actions were intended to cause bodily injury, harassment, or intimidation</u> to T.B.; no such action is alleged by Plaintiff in this action.  Plaintiff's allegations that the School Board, Superintendent Gray, Hearing Officer Joia, and Principal Templet did not provide sufficient due process to Plaintiff during the disciplinary process, even if accepted as true, simply do not allow for a cause of action to be stated due to the explicit grant of qualified immunity for such actions by public school administrators within the course and scope of their employment under State law.  There are no allegations that the Defendants were not acting within the course and scope of their duties as employees of the School or School Board at all relevant times.

Several cases citing Section 17:439, including two authored by Your Honor, illustrate the propriety of dismissal here. *See Robinson v. St. Tammany Parish Sch. Bd.*, 983 F. Supp. 2d 835, 849 (E.D. La. 2013) (Brown, J.) (dismissing with prejudice claims against a hearing officer employed by a school board for defamation related to statements made during the student's

disciplinary hearing, as such statements were in the course and scope of his duties and he was thus immune under Section 17:439), *aff'd*, 569 F. App'x 303, 307 (5th Cir. May 29, 2014) ("Even assuming that [the hearing officer's] statements met the elements of defamation under Louisiana law, we hold that the district court correctly found that [he] could not be liable for defamation because any defamatory statements were made within the scope of his duties as the Board's hearing officer."); *Decossas v. St. Tammany Parish Sch. Bd*., No. 16-3786, 2017 WL 1133114 (E.D. La. Mar. 27, 2017) (Brown, J.) (granting in part Rule 12(b)(6) motion to dismiss for failure to state a claim against a school board for violation of La. Rev. Stat. § 17:416 and Section 1983 on the ground that statutory immunity under Section 17:439 applied); *Credit v. Richland Parish Sch. Bd.*, 2011-1003 (La. 3/13/12), 85 So. 3d 669, 678 (reversing court of appeal and holding that plaintiff's allegations that school officials "failed to use ordinary and necessary care by various acts and omissions, each of which singularly or in combination with others listed, was a proximate cause of the occurrence in question" constituted multiple, related allegations of negligence, all falling within the meaning of "statement made or action taken" as stated Section 17:439(A) and entitling the defendants to qualified immunity).[6]  Accordingly, all claims made by Plaintiff not specifically alleging intentional, malicious conduct by the individual Defendants that was intended to cause bodily injury, harassment, or intimidation to T.B. should be dismissed on the basis of qualified immunity under Section 17:439.

---

[6] *See also Welch v. Interim Superintendent*, 2016-74 (La. App. 3 Cir. 6/1/16), 2016 WL 3090347, at *2 (affirming dismissal of claim that interim superintendent wrongfully terminated plaintiff, as such termination was within the course and scope of superintendent's duties and entitled him to immunity under Section 17:439).

319677.v1

b. *Louisiana Revised Statute § 17:439.1.*

Further, La. Rev. Stat. § 17:439.1 was passed in the 2020 First Extraordinary Legislative Session as Act No. 9 and became legally effective on March 11, 2020.  Section 17:439.1 provides for an additional type of qualified immunity applicable to public education:

> Notwithstanding any other provision of law to the contrary, ***public and nonpublic schools, public and nonpublic school systems, public and nonpublic school governing authorities***, and charter school governing authorities, and the ***officers, employees, and agents thereof*** shall not be held liable for any civil damages for injury or death resulting from or related to actual or alleged exposure to COVID-19 or ***acts undertaken in the effort to respond or adapt to the COVID-19 public health emergency***.

La. Rev. Stat. § 439.1(A) (emphasis added).  All of Plaintiff's claims against the School Board, Superintendent Gray, Principal Templet, and Hearing Officer Joia in this suit relate to policies, procedures, investigations, determinations, conclusions, and official actions taken by the School Board and its employees, administrators, and board members, in order to maintain discipline and order, promote student safety, and foster productive education in the virtual classroom environment that was made necessary by the onslaught of the COVID-19 virus.  As such, Section 17:439.1 provides immunity for all individual Defendants for disciplinary procedures observed and policies adopted and followed in ensuring a safe and effective virtual learning environment for students as acts undertaken to respond and adopt to the COVID-19 public health emergency.

It is indisputable that Defendants instituted the policies and procedures regarding virtual instruction and discipline in virtual classrooms at issue in this litigation as a direct response to the COVID-19 pandemic.  By enforcing the School Board's existing and newly-instituted policies to actions occurring in digital classrooms, the individual Defendants were acting within the defined course and scope of their duties within their respective positions. The discretionary authority of the School Board and its administrators and employees to institute and apply disciplinary measures necessary in their discretion, is specifically set forth in La. Rev. Stat. § 17:416.1:

319677.v1

> In addition to the specific disciplinary measures authorized in R.S. 17:416 teachers, principals, and administrators of the public schools *may, subject to any rules as may be adopted by the parish or city school board, employ other reasonable disciplinary and corrective measures to maintain order in the schools*; provided, however, that nothing in this Section shall be construed as superseding the provisions of R.S. 17:416 relative to the disciplining of students, suspensions, and expulsions.

La. Rev. Stat. § 17:416.1(A) (emphasis added).  Further, the School Board and its members are authorized by law "to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper." La. Rev. Stat. § 17:81(C).

### c.  *Louisiana Revised Statute § 9:2798.1.*

Similarly, another Louisiana statute provides for immunity of public entities from claims related to the public entities' policymaking or discretionary acts or omissions: "Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." La. Rev. Stat. § 9:2798.1(B).[7] The only conduct exempted from the scope of the immunity provided by this statute are "acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists" or "acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." La. Rev. Stat. § 9:2798.1(C)(1)-(2).  Again, there are no factual allegations to take the claims out of the purview of this qualified immunity statute.

---

[7] Section 9:2798.1(A) provides that the word "public entity" under this statute extends to "the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions." This definition clearly encompasses JPPSS and the School Board as political subdivisions and/or departments, offices, instrumentalities, etc. thereof, as well as the individually named Defendants as employees and/or officials of those entities.

Section 9:2798.1 thus provides qualified immunity to public entities and their officers and employees from State law claims. *See, e.g., Frank v. Parnell*, No. 1:18-CV-00978, 2019 WL 2438685, at *8–9 (W.D. La. May 14, 2019); *Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir. 2005).  The Louisiana Supreme Court held that Section 9:2798.1 "provide[s] immunity from liability for offenses and quasi offenses of public entities, as defined therein, when the acts or omissions of the public entities are policymaking or discretionary acts or omissions." *Gregor v. Argenot Great Century Ins. Co.*, 851 So. 2d 959, 966 (La. 2003). Policy decisions under this statute include "decisions based on social, economic, or political concerns." *Lockett v. New Orleans City*, 639 F. Supp. 2d 710, 745 (E.D. La. 2009), *aff'd*, 607 F.3d 992, (5th Cir. 2010), *cert. den.*, 562 U.S. 1003 (2010) (citing *Saine v. City of Scott*, 819 So. 2d 496 (La. App. 3 Cir. 2002)).

Thus, Defendants are immune from liability for their official discretionary or policy-related actions, even if they were negligent. Discretionary acts include a school board's determination of whether to expel or take other disciplinary action for a student's violation of school policies. *See Green v. Monroe City Sch. Bd.*, No. 03-0426, 2005 WL 8174222, at *10 (W.D. La. Jan. 7, 2005); *Labrosse v. St. Bernard Parish Sch. Bd.*, 483 So. 2d 1253, 1257 (La. App. 4 Cir. 1986).  In light of the multiple Federal and State grants of qualified immunity, Plaintiff's Sections 1983 and 1985 claims, State and Federal Constitutional claims, and State law claims of defamation, detrimental reliance, negligence, and intentional and/or negligent infliction of emotional distress all fail as a matter of law and should be dismissed with prejudice.

**C. Plaintiff's request for judicial review, §§ 1983 and 1985 claims, State and Federal Constitutional claims, and State law claims regarding denial of a School Board appeal fail to state a claim as no such right to an appeal existed under State law when the underlying events occurred.**

In Count II, Plaintiff alleges that Defendants' denial of a School Board appeal and judicial review of the disciplinary determination under La. Rev. Stat. § 17:416 violated their State and Federal Constitutional due process rights and gave rise to State-law tort claims for detrimental reliance and intentional and/or negligent infliction of emotional distress. All of these claims fail, since this Court's decision in *Robinson v. St. Tammany Parish Public School System*, affirmed by the Fifth Circuit, and the Louisiana Second Circuit Court of Appeal's ruling in *Bonner v. Lincoln Parish School Board*, confirm that no such right of appeal or judicial review existed under the Section 17:416 as it was written at the time of the underlying events in this case.

In *Robinson*, Your Honor considered the plaintiff's claim that the denial of a school board appeal constituted a denial of due process and stated that "the Court cannot find any support for Plaintiff's proposition that the review process provided in section 17:416(C)(4) applies where the student was not actually expelled[.]" *Robinson*, 983 F. Supp. 2d at 849. There, Your Honor cited the Louisiana Second Circuit Court of Appeal's holding that a student who "faced expulsion at a section 17:416(C)(1) hearing but ultimately was merely suspended had no right to appeal under section 17:416(C)(4)." *Id.* (citing *Bonner v. Lincoln Parish Sch. Bd.*, 28993-CA (La. App. 2 Cir. 12/11/96), 685 So. 2d 432, 435). Accordingly, this Court held:

> [T]he Court finds that even if A.R. was threatened with expulsion, she was not entitled to seek Board review of her ultimate punishment because she was only transferred to another school. Therefore, even assuming Plaintiff could raise a due process claim based upon the Board's alleged violation of section 17:416(C)(4), the undisputed facts establish that as a matter of law the Board did not violate the provision.

*Id.* at 849. Additionally, the only Louisiana appellate court to directly address the issue, cited by Your Honor, held that because a student's "suspension was reduced to five days and the previous

21

recommendation for expulsion was dropped . . . . [he] did not have a right to further appeal the decision to the entire school board." *Bonner*, 685 So. 2d at 435 (citing La. Rev. Stat. § 416 A(3)(c), C(4)).  The Fifth Circuit affirmed Your Honor's ruling in *Robinson* and stated, in pertinent part: "[the appellant] next argues that the Board violated Louisiana Revised Statute section 17:416(C)(4) by failing to review [the hearing officer's] decision. We hold that the district court correctly found that the Board was under no obligation to review [the hearing officer's] findings because [the student] was not expelled." *Robinson*, 569 F. App'x 303, 306.

Based on this jurisprudence, Plaintiff's interpretation of Section 17:416—as it existed in September 2020, when the underlying events in this case occurred—is entirely incorrect and T.B. was not entitled by law to an appeal before the School Board or judicial review since he was not expelled.  *Robinson* and *Bonner* demonstrate the complete lack of merit of Plaintiff's claims regarding denial of an appeal and judicial review, and these claims fail as a matter of law based on this controlling precedent from the Fifth Circuit and the only Louisiana state court to have addressed the issue.  Defendants cannot be held liable for conduct that was compliant with Section 17:416 at the time it occurred, and thus no actual constitutional violation exists here. Furthermore, after the amendments to Section 17:416 went into effect in November 2020, Plaintiff was permitted to appeal T.B.'s three-day suspension to both the School Board and this Court, so there is also no cognizable injury suffered by Plaintiff that can be redressed through this specious lawsuit.

319677.v1

## III.   **CONCLUSION**

For the foregoing reasons, Defendants request that this Court dismiss with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6): (i) all claims against Defendants under 42 U.S.C. §§ 1983 and 1985; (ii) all State and Federal Constitutional claims against Defendants for alleged violations of Plaintiff's rights to free speech, freedom of expression, and privacy (inclusive of the "unconstitutional condition" and appropriation/taking of property without compensation claims); (iii) all State and Federal Constitutional claims against Defendants' for alleged procedural and substantive due process violations; and (iv) all State law claims against Defendants for detrimental reliance, intentional and/or negligent infliction of emotional distress, and negligence.

Respectfully submitted:

**BREAZEALE, SACHSE & WILSON, L.L.P**

By:  */s/ Eve B. Masinter*

E. FREDRICK PREIS, JR. (La. Bar No. 10704)
EVE B. MASINTER (La. Bar No. 1218), T.A.
MATTHEW M. MCCLUER (La. Bar No. 33970)
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, LA 70112-4004
Telephone: (504) 619-1800
Fax: (504) 584-5452
efp@bswllp.com
eve.masinter@bswllp.com
matthew.mccluer@bswllp.com

***Attorneys for Defendants, Jefferson Parish School Board, Dr. James Gray, Dr. Christine Templet, and Terri Joia***

319677.v1