UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY BROWN, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILD, T.B.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-40**<br>**c/w 20-2916** |
| **JEFFERSON PARISH SCHOOL BOARD, ET AL.** | **SECTION: "G"** |

## ORDER AND REASONS

The above-referenced cases, consolidated for discovery purposes, are before the Court following discipline imposed on two students by the Jefferson Parish School Board. Specifically, this Order applies to litigation brought by Plaintiff Timothy Brown ("Plaintiff"), individually and on behalf of his minor child, T.B. ("T.B."), against the Jefferson Parish School Board ("JPSB"), Dr. James Gray ("Gray"), Dr. Christine Templet, and Terri Joia (collectively, "Defendants").[1] Plaintiff alleges injuries resulting from T.B.'s suspension for displaying a BB gun on camera during remote learning.[2] The State of Louisiana (the "State") was granted leave to intervene in this suit[3] and filed a Complaint in Intervention.[4] On March 23, 2021, JPSB and Gray submitted an answer to the Complaint in Intervention in which JPSB brought a counterclaim for declaratory judgment against Plaintiff and Jeff Landry in his official capacity as Attorney General of the State of Louisiana.[5]

---

[1] Rec. Doc. 1-2.
[2] Rec. Doc. 1-2.
[3] Rec. Doc. 28.
[4] Rec. Doc. 29.
[5] Rec. Doc. 36.

1

Before the Court is JPSB and Gray's ("Moving Defendants") "Motion for Judgment on the Pleadings on Complaint in Intervention of State of Louisiana."[6] In the Motion, Moving Defendants concede that the State's intervention in this matter is proper for purposes of defending the constitutionality of Louisiana Revised Statute § 17:416.[7] However, Moving Defendants seek dismissal of Counts I–V of the State's Complaint in Intervention.[8] Moving Defendants make two main arguments in support of the instant motion, alleging that the State's Complaint in Intervention is improper under (i) Federal Rule of Civil Procedure 24(a)(2) because the State does not have a legitimate public interest in intervention, and (ii) Federal Rule of Civil Procedure 24(a)(2) and (b) because the State's claims exceed its authority.[9]

The State opposes the motion.[10] In opposition, the State argues that the instant motion is premature because Attorney General Landry has not answered JPSB's counterclaim and thus, the pleadings are not closed.[11] Alternatively, the State argues that it has the authority under federal and Louisiana law to seek injunctive relief to compel a political subdivision, such as JPSB, to comply with constitutional and statutory law.[12] Finally, the State argues that JPSB has failed to provide any grounds for reconsideration of this Court's March 2, 2021 Order permitting the State to intervene.[13]

---

[6] Rec. Doc. 45.

[7] Rec. Doc. 45-1 at 11.

[8] Rec. Doc. 45-1.

[9] *Id.* at 1–2.

[10] Rec. Doc. 47.

[11] *Id.* at 4.

[12] *Id.* at 5.

[13] *Id.* at 10.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[14] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[15] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[16] On a 12(c) motion, "[p]leadings should be construed liberally," and judgment is "appropriate only if there are no disputed issues of fact and only questions of law remain."[17] Moreover, the Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[18] In lieu of dismissal on a motion for judgement on the pleadings, a district court may grant a plaintiff leave to amend the complaint.[19]

The Court agrees with the State that the pleadings in this case have not yet closed and the instant motion is therefore premature. As stated above, Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[20] Federal Rule of Civil Procedure 7(a) provides a list of allowable pleadings, including:

(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;

---

[14] Fed. R. Civ. P. 12(c).

[15] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citations omitted).

[16] *Id.* (internal citations omitted).

[17] *Id.* (internal citations omitted).

[18] *Id.*

[19] *Dueling v. Devon Energy Corp.*, 623 F. App'x 127 (5th Cir. 2015).

[20] Fed. R. Civ. P. 12(c).

  (4) an answer to a crossclaim;
  (5) a third-party complaint;
  (6) an answer to a third-party complaint; and
  (7) if the court orders one, a reply to an answer.

By the very wording of Rule 7(a), an answer to a counterclaim is considered a pleading and therefore, must be submitted prior to a motion for judgment on the pleadings pursuant to Rule 12(c). While the Fifth Circuit has apparently not yet ruled on this issue, other judges in this district, as well as judges in other circuits, have noted that a Rule 12(c) motion is premature if filed prior to a party's answer to a counterclaim.[21] Given that Attorney General Landry has not yet answered the counterclaim asserted against him by JPSB in the answer to the Complaint in Intervention, the pleadings are not closed.[22] Accordingly,

---

[21] *See, e.g., Black Stallion Enterprises v. Bay & Ocean Marine, LLC*, No. 09-4504, 2010 WL 1333272, at *2 (E.D. La. Mar. 30, 2010) (Berrigan, J.), *aff'd sub nom. Black Stallion Enterprises v. Bay & Ocean Marine Towing*, 394 F. App'x 119 (5th Cir. 2010) ("Similarly, if the only pleadings are a complaint, an answer, and a counterclaim designated as such, the pleadings close upon a plaintiff's filing of a reply to the counterclaim."); *Colapissa Properties, L.L.C. v. Assurance Co. of Am.*, No. 06-8063, 2007 WL 2903245, at *2 (E.D. La. Oct. 2, 2007) (Africk, J.) ("[P]leadings are considered closed once a complaint and answer have been filed, unless a counterclaim, cross-claim, or third-party claim is interposed, in which case the filing of a reply, cross-claim answer, or third-party answer normally will mark the close of the pleadings."); *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 n. 4 (7th Cir.1982) ("Fed.R.Civ.P. 7(a) prescribes when the pleadings are closed. In a case such as this when, in addition to an answer, a counterclaim is pleaded, the pleadings are closed when the plaintiff serves his reply."); *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir.2005) ("[T]he pleadings are closed [under Rule 7(a) ] for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming ... that no counterclaim or cross-claim is made."); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336–37 (11th Cir. 2014). *See also* 5 C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1367 at 213 ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which event the filing of an answer to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings.").

[22] The Court notes that Moving Defendants filed a reply in which they assert that they filed the instant motion following a status conference with the Court on April 23, 2021, in which the Court "ordered Defendants to file their motion challenging the scope of the Attorney General's intervention on or before April 30, 2021." Rec. Doc. 50 at 3. Notably, the only direction given by the Court to Moving Defendants was in a status conference on April 16, 2021 and an Order issued thereafter, in which the Court instructed Defendants to "file a motion and supporting memorandum regarding their request to limit the scope of the Attorney General's intervention by Friday, April 23, 2021." Rec. Doc. 43. The Court did not instruct Moving Defendants to file a motion pursuant to Rule 12(c).

**IT IS HEREBY ORDERED** that Moving Defendants' "Motion for Judgment on the Pleadings on Complaint in Intervention of State of Louisiana"[23] is **DENIED WITHOUT PREJUDICE** as premature.

**NEW ORLEANS, LOUISIANA,** this 13th day of May, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[23] Rec. Doc. 45.